IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DOMINION HEALTHCARE SERVICES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| VALUE OPTIONS, INC., JANE HARRIS, ) | |
| Individually, THE DURHAM CENTER (Local ) | |
| Management Entity), ELLEN HOLLIMAN, ) | Civil Action No. 1:08-cv-134 |
| Individually and in her official capacity, WAKE ) | |
| COUNTY HUMAN SERVICES (Local ) | |
| Management Entity), CRYSTAL FARROW, ) | |
| Individually and in her official capacity, FIVE ) | |
| COUNTY, (Local Management Entity), FOSTER ) | |
| NORMAN, Individually and in his official ) | |
| capacity, MECKLENBERG COUNTY (Local ) | |
| Management Entity), and GRAYCE CROCKETT,) | |
| Individually and in her official capacity, ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

NOW COME the defendants Wake County Human Services and Crystal Farrow, by and through undersigned counsel, and pursuant to Local Civil Rule 7.2, hereby submit this Brief in Support of Defendants' Motion to Dismiss denominated as First Defense in the Answer filed herewith.

<u>NATURE OF THE CASE</u>

Plaintiff filed this action on 23 January 2008 in Durham County Superior Court. On 27 February 2008 all defendants collectively filed a Notice of Removal to this court. On 27 February 2008 all defendants filed a Notice of Filing of Removal to United States District Court with the Clerk of Superior Court of Durham County. Defendants Wake County Human Services and Crystal Farrow [hereinafter "Wake and Farrow"] filed motions for extension of time to file answer on 29 February 2008. Thereafter the

Honorable John Brubaker, Clerk of Court, entered an Order extending the time in which Wake and Farrow to file responsive pleadings or Answer to 23 March 2008. The answer is filed contemporaneously with this brief.

### STATEMENT OF THE FACTS PERTAINING TO ISSUE

Plaintiff's complaint attempts to identify the parties in paragraphs 1-11. Counts I, II and III of the complaint relate to defendant Value Options, Inc. only. The totality of allegations against Wake and Farrow are in contained solely in Count IV and consist of the following three paragraphs as follows:

> Complaint ¶ 37- "Since January 2007. . .[defendants Wake and Farrow] have engaged, in their official capacity and under color of law, in a pattern of conduct which was arbitrary and capicious [sic] by denying the plaintiff substantive and fundamental due process rights as they relate to the lawful operation of the plaintiff's various mental health CSS sites and businesses located throughout North Carolina;
>
> Complaint ¶ 38- "The defendants [Wake and Farrow] have denied and deprived the plaintiff, based on discriminatory customs, policies and practices, of its substantive right to operate its business according to the laws of North Carolina. Plaintiff is an African-American owned, closely-held corporation that has been discriminated against based on the race of its owners.
>
> Complaint ¶ 39- "As a direct result of the actions of the defendants. . . the plaintiff has been harmed as set forth more fully below [in the prayer for relief].

Plaintiff's entire claim denominated "VIOLATION OF 42 U.S.C. § 1983" is premised in its entirety upon the foregoing allegations. These defendants have moved to dismiss the complaint as to Wake and Farrow in that these allegations are insufficient to state a claim and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). That motion is delineated as First Defense in the Answer and is the subject of this supporting memorandum.

2

ARGUMENT

I. *Plaintiff's complaint is insufficient to state a claim against Wake and Farrow and does not meet the minimal pleading requirement of Fed. R. Civ. P. 8(a)(2).*

Plaintiff's entire claim against these defendants is based upon the allegations of paragraphs 37, 38 and 39. Fed. R. Civ. P. 8(a)(2) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint fails to set forth any facts from which it may be inferred that defendants discriminated against plaintiff on the basis of race other that the fact that plaintiff avers that it is African-American owned. To state a justiciable claim under 42 U.S.C. § 1983 a plaintiff must allege sufficient facts to show 1) he has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States; and 2) that the conduct complained of was committed by a person acting under color of state law. *Dowe vs. Total Action Against Poverty*, 145 F. 3d. 653 (4th Cir. 1998).

When reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true. *McNair vs. Lend Lease Trucks*, 95 F. 3d 325 (4th Cir. 1995). In the instant complaint, there are no facts. Plaintiff makes mere conclusory allegations. This court has held that a plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient, for purposes of a motion to dismiss for failure to state a claim, if it will give a defendant fair notice of what the plaintiff's claim is and the factual grounds upon which it rests. However, conclusory allegations that a party acted under color of state law will not suffice to support a claim under 42 U.S.C. § 1983. *Estate of Williams vs. Alliance One*, 335 F.Supp 3d 636 (2003). Indeed, the Fourth Circuit has held that "In reviewing 12(b)(6) dismissals, we 'must accept the factual allegations of the complaint, [but] we are

not so bound with respect to its legal conclusions.' " <u>Revene vs. Charles County Commissioners</u>, 882 F. 2d 870 (4th Cir. 1989).

Plaintiff's complaint is replete with conclusory allegations but contains no factual information. In <u>Riley vs. Buckner</u>, 1 Fed.Appx. 130 (4th Circuit 2001), the Fourth Circuit affirmed the denial of a motion to dismiss plaintiff's § 1983 sexually hostile work environment claim because "[w]e are satisfied that [general] allegations, coupled with a specific example ... are sufficient, though barely, to ... survive[ ] a motion to dismiss." The complaint *sub judice* does not contain **any** specific examples or facts of alleged discrimination. The complaint does not identify any action undertaken under color of state law by these defendants. At most, plaintiff's complaint, taken as true, reveals that plaintiff is "an African-American closely held corporation that has been discriminated against based on the race of its owners."

These skeletal allegations leave defendants without notice as to what alleged acts, actions or omissions it is to defend against. The bulk of plaintiff's complaint is against defendant Value Options, Inc. However, with respect to defendants Wake and Farrow, the complaint lacks allegations of when, where or how Plaintiff was discriminated against or any factual allegation of what was done by defendants to deprive plaintiff of "its right to operate it business according to the laws of North Carolina." At best, plaintiff's complaint makes the single conclusory allegation of *why and not how* it was discriminated against.

In <u>Lemons vs. U.S. Air Group</u>, 43 F. Supp 2d 571 (M.D.N.C. 1999) this court dismissed a claim under 42 U.S.C. § 1983 finding that "plaintiff had failed to allege in his Amended Complaint any facts which would support his contention that Defendants acted

4

"under the color of federal and state laws," in terms of state action. [Plaintiff] ha[d] also not attempted to further explain this conclusory allegation in his Response." (*rev'd on other grounds,* 194 F. 3d 1304) (4th Cir. 1999) (*unpublished disposition*).

Again, to prevail on a section § 1983 claim a plaintiff must establish 1) that [he] has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States; and 2) that the **conduct** complained of was committed by a person acting under color of state law. <u>Philps vs. Pitt Memorial Hospital</u>, 503 F. Supp. 776 (E.D.N.C. 2007) citing <u>Dowe vs. Total Action Against Poverty</u>, 145 F. 3d. 653 (4th Cir. 1998). Plaintiff has alleged no **conduct** on the part of these defendants. Plaintiff's complaint is void of any factual allegation in any way relating to the behavior, acts, actions, dealings, measures, or failure to act on the part of these defendants and therefore has failed to establish a cognizable claim under § 1983. We respectfully contend that it is not sufficient for Plaintiff to make vague and conclusory allegations that it was discriminated against and wrongfully deprived of the substantive right to operate its business without any factual basis for those assertions, and for those reasons the complaint must fail.

CONCLUSION

For the foregoing reasons, defendants Wake and Farrow respectfully requests the court dismiss to the plaintiff's complaint.

Respectfully submitted this the 11th day of March, 2008.

        ATTORNEYS FOR WAKE COUNTY
        HUMAN SERVICES AND CRYSTAL
        FARROW

        /s/ Shelley T. Eason
        Shelley T. Eason

Deputy County Attorney
State Bar. No. 8251
E-mail: season@co.wake.nc.us

/s/ Roger A. Askew
Roger A. Askew
Assistant County Attorney
State Bar. No. 18081
E-mail: roger.askew@co.wake.nc.us

/s/ Lucy Chavis
Lucy Chavis
Assistant County Attorney
E-mail: Lucy.Chavis@co.wake.nc.us
State Bar. No. 26553


Office of the Wake County Attorney
Post Office Box 550
Raleigh, North Carolina 27602
Phone: (919) 856-5500
Fax:    (919) 856-5504

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DOMINION HEALTHCARE SERVICES, INC. )
)
                Plaintiff, )
)
v. )
)
VALUE OPTIONS, INC., JANE HARRIS, )
Individually, THE DURHAM CENTER (Local )   Civil Action No: 1:08-cv-134
Management Entity), ELLEN HOLLIMAN, )
Individually and in her official capacity, WAKE )
COUNTY HUMAN SERVICES (Local )
Management Entity), CRYSTAL FARROW, )
Individually and in her official capacity, FIVE )
COUNTY, (Local Management Entity), FOSTER )
NORMAN, Individually and in his official )
capacity, MECKLENBERG COUNTY (Local )
Management Entity), and GRAYCE CROCKETT,)
Individually and in her official capacity, )

CERTIFICATE OF SERVICE VIA U.S. MAIL

      I hereby certify that on 11th March 2008, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of Court using the CM/ECF system.
      And, I hereby further certify that the foregoing document has been served upon all counsel pursuant to Rule 5 of the Federal Rules of Civil Procedure by depositing a copy in the care and custody of the United States Postal Service with proper postage affixed thereon this 11th day of March, 2008.


SERVED UPON:


| Hugh J. Eighmie, II | Geoffrey Simmons |
| Gary Williams Finney Law Firm | Simmons Law Firm |
| 221 East Osceola Street | Post Office Box 2223 |
| Stuart, Florida 34994 | Raleigh, North Carolina 27602 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| *(Via US MAIL)* | *(Via US Mail)* |

7

| | |
|---|---|
| S. C. Kitchen<br>Kathy R. Everett-Perry<br>Office of the Durham County Attorney<br>P.O. Box 3508<br>Durham, N.C. 27702<br>*Counsel for Durham County and*<br>*Ellen Holliman*<br>*(Via CM/ECF system)* | James T. Williams<br>Jennifer K. VanZant<br>Brooks, Pierce, McLendon, LLP<br>Post Office Box 26000<br>Greensboro, N.C. 27420<br>*Counsel for Value Options, Inc*<br>*and Jane Harris*<br>*(Via CM/ECF system)* |
| G. Michael Barnhill<br>James P. Cooney, III<br>Sean Perrin<br>Sarah A. Motley<br>301 S. College Street, St. 3500<br>Charoltte, N.C. 28202<br>*Counsel for Mecklenberg County*<br>*And Grayce Crockett*<br>*(Via CM/ECF system)* | Wilson Hayman<br>Christopher P. Brewer<br>David Dreifus<br>Poyner & Spruill, LLP<br>Post Office Box 10096<br>Raleigh, NC 27605-0096<br>*Counsel for Five County Mental*<br>*Health Authority and Foster Norman*<br>*(Via CM/ECF system)* |
| Michael W. Smith<br>Roman Lifson<br>Henry I. Willett, III<br>Christian & Barton, LLP<br>909 E. Main Street<br>Richmond, VA 23219<br>*Counsel for Value Options, Inc. and*<br>*Jane Harris*<br>*(Via U.S. Mail )* | |

This the 11th day of March 2008.

ATTORNEYS FOR WAKE COUNTY HUMAN SERVICES AND CRYSTAL FARROW

/s/ Roger A. Askew_____ _____
Roger A. Askew
Assistant County Attorney
E-mail: Roger.Askew@co.wake.nc.us
NC Bar. No. 18081

8

Case 1:08-cv-00134-JAB-PTS   Document 23-2   Filed 03/11/08   Page 8 of 8