IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DOMINION HEALTHCARE SERVICES, INC. )
                     Plaintiff , )
         v. )          1:08CV134
 )
VALUE OPTIONS, INC., JANE HARRIS, )
Individually, THE DURHAM CENTER (Local )
Management Entity), ELLEN HOLLIMAN, )
Individually and in her official capacity, WAKE )
COUNTY HUMAN SERVICES (Local Management )
Entity), CRYSTAL FARROW, Individually and in )
her official capacity, FIVE COUNTY (Local )
Management Entity), FOSTER NORMAN, )
Individually and in his official capacity, )
MECKLENBERG COUNTY (Local Management )
Entity), GRAYCE CROCKETT, Individually and in )
her official capacity, )
                  Defendants. )

MEMORANDUM OPINION

BEATY, Chief District Judge.

This matter comes before the Court on Defendants' Motions to Dismiss [Documents # 13, 19, 24, 32, 36, 38, and 40], and Plaintiff's Motion to Amend the Complaint [Document #53]. The parties have responded in opposition to the respective motions and the matter is now ripe for disposition. For the reasons set forth herein, the Court will grant Plaintiff's Motion to Amend and deny as moot Defendants' Motions to Dismiss. In addition, the Court will remand this action back to state court.

I.    **BACKGROUND**

Plaintiff Dominion Healthcare Services, Inc. ("Plaintiff") is a non-profit corporation organized under the laws of North Carolina that provides mental health support services to

Medicaid consumers in numerous counties within North Carolina. Defendants The Durham Center (Local Management Entity) ("Durham Center"), Ellen Holliman ("Holliman"), Wake County Human Services (Local Management Entity) ("Wake County"), Crystal Farrow ("Farrow"), Five County (Local Management Entity) ("Five County"), Foster Norman ("Norman"), Mecklenberg County (Local Management Entity) ("Mecklenberg County"), and Grayce Crockett ("Crockett") are county mental health, developmental disabilities, and substance abuse authorities and their respective area directors. These county authorities are the local entities that approve and endorse organizations like Plaintiff to operate within the various North Carolina counties. Defendant ValueOptions, Inc. ("ValueOptions") is a provider of review services for Medicaid consumers in North Carolina counties pursuant to a contract with the State of North Carolina. Defendant Jane Harris ("Harris") is an employee of ValueOptions.

Plaintiff initially filed this action in the General Court of Justice, Superior Court Division, County of Durham, North Carolina on January 23, 2008 against Defendants Value Options, Harris, individually, the Durham Center, Holliman, individually and in her official capacity, Wake County, Farrow, individually and in her official capacity, Five County, Norman, individually and in his official capacity, Mecklenberg County, and Crockett, individually and her official capacity (collectively "Defendants"), alleging both North Carolina state claims and one federal claim pursuant to 42 U.S.C. § 1983. Plaintiff asserts three state law claims against ValueOptions and Harris for unfair and deceptive trade practices, breach of implied contract, and breach of the covenant of good faith and fair dealing. In addition, Plaintiff's fourth claim alleges violations

of 42 U.S.C. § 1983 against the remaining defendants, that is, the Durham Center, Holliman, Wake County, Farrow, Five County, Norman, Mecklenberg County, and Crockett. On February 27, 2008, Defendants filed a Notice of Removal and removed this action to the United States District Court, Middle District of North Carolina on the basis of federal question jurisdiction, based on Plaintiff's § 1983 claim, and supplemental jurisdiction, so as to include Plaintiff's state common law and state statutory causes of action. Defendants Wake County and Farrow filed an Answer on March 11, 2008. The remaining Defendants have not filed Answers, however, each defendant, including Wake County and Farrow, has filed a Motion to Dismiss with regard to Plaintiff's respective claims against them. In response, on May 2, 2005, Plaintiff filed responses in opposition to Defendants' Motions to Dismiss and also filed a Motion to Amend its Complaint, to which Defendants filed responses. The Court has reviewed the record in this matter and will consider the Motion to Amend and the Motions to Dismiss in turn.

## II.    PLAINTIFF'S MOTION TO AMEND

Under Federal Rule of Civil Procedure 15(a), a "party may amend its pleading once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15 (a)(1)(A). By its terms, the Rule leaves no place for the exercise of discretion by a district court, and thus, the Court has no discretion to reject an amended pleading filed before a responsive pleading is served. See Fed. R. Civ. P. 15 (a). For purposes of this Rule, an answer is a responsive pleading, and a motion to dismiss is not a responsive pleading. See Smith v. Blackledge, 451 F.2d 1201, 1203 n.2 (4th Cir. 1971). Moreover, if the action involves more than one defendant, and not all defendants have filed responsive pleadings, the plaintiff may amend the complaint once as a

3

matter of course with regard to those defendants that have not filed a responsive pleading. See Williams v. Bd. of Regents, 477 F.3d 1282, 1291 (11th Cir. 2007); Barksdale v. King, 699 F.2d 744, 747 (5th Cir. 1983). In this case, all Defendants filed Motions to Dismiss after Plaintiff filed its Complaint, however, Defendants Wake County and Farrow are the only defendants that have filed Answers in this action, and did so on March 3, 2008. Subsequent to Defendants filing their Motions and Answers, Plaintiff filed a Motion to Amend its Complaint on May 5, 2008. Although Defendants' Motions were filed before Plaintiff's Motion to Amend, because Defendants' Motions to Dismiss are not responsive pleadings for the purpose of Rule 15(a), as to those Defendants that filed such motions but did not also file an answer, Plaintiff is entitled to amend its Complaint once without leave of the Court because as to those non-answering Defendants no responsive pleading has been filed. Therefore, the Court concludes that as to the eight of the ten defendants that did not file an Answer, that is, ValueOptions, Harris, the Durham Center, Holliman, Five County, Norman, Mecklenberg County, and Crockett, Plaintiff's right to amend its Complaint once without leave remains unimpeded, and thus the Court will allow Plaintiff's Amended Complaint as to those eight defendants.[1] However, as to the remaining defendants that did file a responsive pleading, that is, Wake County and Farrow, Plaintiff has lost its right to amend its Complaint once as a matter of course, and must request leave of this Court to amend its Complaint.

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading is served

---

[1] Although Plaintiff's Motion to Amend was directed towards all defendants, the Motion to Amend as to these eight defendants was not necessary because as discussed above Plaintiff is entitled to amend its Complaint once without leave of the Court. Plaintiff need only tender the Amended Complaint for filing, which Plaintiff has done in this case.

4

on a party, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15 (a)(2). Under our local rules, a party seeking amendment need not file a supporting brief, but "must state good cause therefor." LR7.3(j). Once a motion is filed, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15 (a)(2). The Supreme Court has declared that "this mandate is to be heeded," thus declaring a liberal reading of the Rule whereby motions to amend should be granted "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); see also Wade Electronics Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987) (noting that the Supreme Court "mandates a liberal reading of the rule's direction for "free" allowance"). In the Fourth Circuit, "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (noting also that "[w]hile Foman's enumeration of factors cannot be thought exclusive, they do embody a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants"). Moreover, in this Circuit, "[d]elay alone is an insufficient reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (internal citation omitted). In light of all of these standards, the Court will determine if

5

any of the exceptional reasons for denying otherwise freely given leave to amend is applicable to this case.

In this case, Plaintiff seeks leave to amend its Complaint "to clarify the issues and substitute causes of action that better reflect the allegations of the several Defendants." (Pl.'s Brief in Supp. of Mot. to Amend the Compl. at 4 [Document #54].) Plaintiff's amendments as they relate to Defendants Wake County and Farrow include the addition of factual allegations to support Plaintiff's claims, the deletion of Plaintiff's single federal § 1983 claim and the addition of four North Carolina constitutional claims, and the removal of a request for treble damages in its prayer for relief. As an initial matter, the Court notes that Plaintiff's motion complies with Local Rule 7.3(j)'s requirement that Plaintiff state good cause for the amendment in that Plaintiff's stated reasons, that is, clarification and substitution of claims, are not per se deficient, unacceptable or inappropriate reasons for amending a complaint, and therefore state a good cause for amendment. Therefore, the Court will assess these reasons as well as Plaintiff's proposed amendments in light of the factors courts consider when evaluating Rule 15(a) motions to amend, that is: (i) undue prejudice to the opposing party; (ii) bad faith; (iii) futility of the amendment; (iv) repeated failure to cure deficiencies by amendments previously allowed; and (v) undue delay. See Foman, 371 U.S. at 182, 83 S. Ct. at 230.

First, with regard to the undue prejudice factor, Defendants Wake County and Farrow allege that Farrow is prejudiced by the Amended Complaint because the proposed amendments expand Farrow's potential liability. Defendants contend that potential liability is expanded because while "individual capacity is mentioned only in the caption [to the original complaint]

6

and nowhere else," Plaintiff's Amended Complaint now includes "individual capacity" in the language of the claim as well as in the caption. (Opp'n to Pl.'s Mot. to Amend the Compl. at 8 [Document #57].) The Court notes that Claim IV of the original Complaint, the single federal § 1983 claim, alleges that Farrow engaged in actions violative of § 1983 in her official capacity. The Court further notes that in Claims IV thru VII of the Amended Complaint, the North Carolina constitutional claims, Plaintiff alleges that Farrow engaged in acts violative of the North Carolina constitution individually and in her official capacity. However, Defendants Wake County and Farrow admit and the Court notes that the fact that Plaintiff sought to hold Farrow liable in her individual capacity was mentioned in the caption of the original Complaint. In this regard, despite any failure by Plaintiff to include "individual capacity" in the body of the original Complaint rather than only in the caption, Farrow was put on notice of the fact that Plaintiff sought to hold her liable in an individual capacity. Further, this action is in the very early stages of litigation, and there is no evidence that Defendants Wake County and Farrow have engaged in any discovery or have expended large amounts of resources or time preparing a defense that excludes the possibility of Farrow potential individual liability. The Court notes that in this early stage of litigation, Farrow's potential liability is not expanded such that Defendants Wake County and Farrow are "unduly prejudiced" by Plaintiff's attempt at clarifying its claims by including "individually" in the language of the claim rather than only in the caption.[2] Moreover,

---

[2] The Court also notes that Defendants Wake County and Farrow challenge the sufficiency of the original Complaint to state claims in both individual and official capacities however this argument is misplaced as it not indicative of any prejudice that would result from the Amended Complaint. This argument might be appropriate if the Court were deciding whether claims could proceed against Defendant Farrow in an individual or official capacity, or both capacities. See Meyer v. Walls, 347 N.C. 97, 110, 489 S.E.2d 880, 887 (1997). In any event,

7

Defendants Wake County and Farrow contend that the issues and the legal basis for the federal claim in the original complaint and the state constitutional claims in the Amended Complaint are the same. In this regard, Defendants cannot now claim, nor does the Court find, that Defendants Wake County and Farrow will be prejudiced by the removal of the federal § 1983 claim and the addition of the state constitutional claims as to these same defendants. Accordingly, the Court concludes that the prejudice factor weighs in favor of granting leave to amend. While the absence of prejudice is a strong indication that leave to amend should be allowed, the Court will nonetheless address the remaining factors. See Davis, 615 F.2d at 613 ("absence of prejudice, though not alone determinative, will normally warrant granting leave to amend").

Second, with regard to the bad faith factor, Defendants Wake County and Farrow contend that Plaintiff's Amended Complaint seeks to circumvent Defendants' pending motions to dismiss and is an attempt to defeat jurisdiction of this Court in order to seek a remand of this case back to state court. However, the Court finds that there is no evidence that Plaintiff is moving to amend in bad faith. Unlike situations where evidence of bad faith has been found, Plaintiff does not allege that its motion to amend was filed to defeat Defendants' pending motions. See, e.g., Googerdy v. N.C. Agric. & Tech. State Univ., 386 F. Supp. 2d 618, 622 (M.D.N.C. 2005) (denying motion for leave to amend in part because plaintiff readily acknowledged that its motion to amend was brought to defeat defendant's motion to dismiss).

_____

as discussed above, the Defendants were put on notice of Farrow's potential personal liability in this case such that no undue prejudice will result from Plaintiff's proposed amendments to include "individual capacity" in the factual allegations of the Amended Complaint.

8

The Court notes that while Plaintiff's Amended Complaint removes the claim that is the subject of Defendants Wake County and Farrow's Motions to Dismiss, the Court will not impute bad faith into Plaintiff's decision to substitute claims. In this case, Plaintiff has indicated that it no longer wishes to pursue its federal § 1983 claims, thus choosing to forego its federal claim, including all the attendant remedies. A plaintiff is entitled to allege in state court both state and federal claims, and then if that action is removed, may with leave of court and in a timely manner dismiss its federal claims. See e.g., Baddie v. Berkeley Farms, 64 F.3d 487, 491 (9th Cir. 1995) (concluding that where plaintiffs initially chose state forum for claims and soon after removal moved to delete all their federal claims, plaintiffs did not engage in improper, manipulative pleading practice, but rather made a "straightforward tactical decision"). Therefore, in light of Rule 15(a)'s liberal construction that leave be freely granted, the Court will not impute bad faith to Plaintiff absent any explicit showing of bad faith, which the Court finds is not present in this case. Moreover, while Plaintiff may be attempting to avoid federal jurisdiction with its amendment, the Court does not find that the sole reason for Plaintiff's Amended Complaint is to manipulate forum selection, especially since Plaintiff's Amended Complaint now includes new factual allegations not pertaining to its § 1983 and state constitutional claims. See Kimsey v. Snap-On Tools Corp., 752 F. Supp. 693, 695 (W.D.N.C. 1990) (noting that "attempting to avoid federal jurisdiction by amending the complaint . . . does not diminish the right of . . . plaintiffs to set the tone of their case by alleging what they choose") (internal quotation and citation omitted). Defendants Wake County and Farrow have offered no evidence that Plaintiff's actions were prompted by any ill motive toward Defendants, such as a desire to force them to incur

9

expenses in the removal and remand process.[3]  For all these reasons, the Court finds that this

is not the exceptional case where discretionary leave to amend should be denied on the grounds

of bad faith considerations.  The Court therefore concludes that the bad faith factor in this

instance weighs in favor of granting leave to amend.[4]

Likewise, the remaining three factors, that is, futility of the amendment, repeated failure

to cure deficiencies by previous amendments, and undue delay, all weigh in favor of granting

leave to amend.  First, with regard to futility, Defendants Wake County and Farrow contend that

Plaintiff's § 1983 claim in the original Complaint and its state constitutional claims in the

Amended Complaint are identical and that allowing the amendment does not change any issue

of law, and therefore the amendment is futile.  The Court notes that Plaintiff's original

Complaint alleges a violation of § 1983 without also asserting a violation of a federal statute or

constitutional provision as the legal basis for the claim.  Plaintiff's Amended Complaint,

---

[3] The Court notes that in an attempt to establish bad faith, the only factual allegation that Defendants Wake County and Farrow point to is that Plaintiff held a press conference in the county where Plaintiff intended to file its action prior to filing its initial complaint, and that this act is evidence of Plaintiff's lack of good faith and motives.  However, the Court notes that the alleged press conference took place prior to Plaintiff commencing this action in state court, and prior to Defendants' removal of this action to this Court.  The Court concludes that Plaintiff's prior attempt to publicize its case is not indicative of Plaintiff acting in bad faith towards Defendants Wake County and Farrow in Plaintiff's present Motion to Amend.

[4] Further, the Court takes note that Plaintiff has chosen to forego federal claims that it previously asserted in the state forum, ultimately clearing the way for remand.  In this regard, the Court notes that Plaintiff's Amended Complaint is tantamount to a voluntarily motion to dismiss the federal claim with prejudice, such that Plaintiff will not reassert the § 1983 in state court in the event this action is remanded.  Moreover, the Court notes that if Plaintiff is once again in state court and Plaintiff amends its Amended Complaint to add back in a federal § 1983 claim and the action is subsequently removed back to this Court, the Court could reconsider whether a bad faith motive may be the basis of a renewed motion to amend if filed by Plaintiff.

10

however, asserts claims alleging violations of the North Carolina constitution and raises legal issues regarding substantive and procedural due process rights guaranteed under the Equal Protection Clause of the North Carolina constitution such as discrimination and selective enforcement or prosecution of laws. Therefore, to the extent that Defendants Wake County and Farrow attempt to establish that the amendments are futile because they raise the identical legal issues, the Court finds that the amendments do raise different legal theories and therefore are not futile for the reasons asserted by the Defendants. To the extent that this is Plaintiff's first request for an amendment before this Court, the factor regarding repeated failure to cure deficiencies by previous amendments is not at issue. Finally, Plaintiff filed its motion just over two months after Defendants removed this case to this Court, and therefore, Plaintiff has not caused undue delay in filing its motion at this early stage of litigation. In light of these findings the Court concludes that these final three factors weigh in favor of granting leave to amend. Therefore, since all five factors point towards granting leave to amend, and particularly in view of the absence of prejudice or bad faith, the Court concludes that Plaintiff's Motion to Amend the Complaint will be granted.

Having concluded that Plaintiff's Motion to Amend will be granted, the Court notes that Plaintiff's Complaint as amended alleges only state-law claims against all Defendants. However, the Court notes that subject matter jurisdiction is not divested from a district court when the federal claims are deleted from the complaint after removal. See Harless v. CSX Hotels, Inc., 389 F.3d 444, 448 (4th Cir. 2004) (citing Brown v. Eastern States Corp., 181 F.2d 26, 28-29 (4th Cir. 1950)). Nevertheless, a district court may decline to continue to exercise its supplemental

11

jurisdiction over the pendant state law claims. In such instances, "[w]hen a district court relinquishes jurisdiction over a removed case involving pendent claims, the Court has the discretion to remand the case to the state court in which the action was initially filed." Harless, 389 F.3d at 448 (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)). Moreover, "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate" after balancing the values of "economy, convenience, fairness, and comity." Carnegie-Mellon Univ., 484 U.S. at 357, 108 S. Ct at 623. In this case, where the federal law claims have been removed from Plaintiff's Complaint in this early stage of the litigation and only state-law claims remain, the Court finds that remand to state court best promotes the values of economy, convenience, fairness, and comity. See id. 484 U.S. at 350 n.7, 108 S. Ct. at 619 n.7 ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . -judicial economy, convenience, fairness, and comity- will point toward declining to exercise jurisdiction over the remaining state-law claims"). At this stage in the action, the various state-law issues raised by the parties are more appropriately left to the state court to decide, particularly in view of the fact that Plaintiff is a resident of North Carolina and complete diversity does not exist in this case. See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966) (noting that in balancing the factors of economy, convenience, and fairness to litigants "decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law"). Accordingly, the Court concludes that it would

be inappropriate to retain jurisdiction over this action and therefore will remand this action back to state court.

## III. DEFENDANTS' MOTIONS TO DISMISS

Each of the several Defendants has filed a distinct Motion to Dismiss with regard to the particular claims directed towards the respective Defendants. The Court, however, has concluded that it will allow Plaintiff's Amended Complaint as of right as to Defendants ValueOptions, Harris, The Durham Center, Holliman, Five County, Norman, Mecklenberg County, and Crockett, and the Court will grant Plaintiff leave to amend its Complaint as to the remaining Defendants, that is, Wake County and Farrow. Moreover, the Amended Complaint removes the claims that are the subject of Defendants The Durham Center, Holliman, Five County, Norman, Mecklenberg County, Crockett, Wake County and Farrow's Motions to Dismiss. Having concluded that a remand of this action back to state court is appropriate, the Court will deny as moot all of the Defendants' Motions to Dismiss.

## IV. CONCLUSION

For the reasons stated herein, the Court concludes that as to Defendants ValueOptions, Harris, The Durham Center, Holliman, Five County, Norman, Mecklenburg County, and Crockett, Plaintiff has the right to amend its Complaint once without leave. Therefore, the Court will allow, as of right, Plaintiff's Amended Complaint as to these eight defendants as a matter of right. In addition, as to Plaintiff's request for leave to amend its Complaint as to Defendants Wake County and Farrow, the Court concludes that justice so requires that leave to amend be given in this case.

13

Accordingly, IT IS ORDERED that Plaintiff's Motion to Amend the Complaint [Document #53] is GRANTED. In addition, in light of Plaintiff's Amended Complaint, IT IS FURTHER ORDERED that this action is REMANDED back to the General Court of Justice, Superior Court Division, County of Durham, North Carolina.

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss [Documents #13, 19, 24, 32, 36, 38, and 40] are DENIED AS MOOT.

An Order consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 5th day of March, 2009.

_____
United States District Judge

14